UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Frank L. Amodeo,

    Movant,

-vs-                                 Case No. 06:12-cv-00641-Orl-28DAB

United States of America,

    Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO RECONSIDER THIS COURT'S ORDER OF MAY 30, 2014 STRIKING THE MOTION TO EXTEND TIME TO FILE OBJECTIONS TO THE MAGISTRATE'S ORDER OF MAY 21, 2014**

On May 21, 2014, this court granted a motion to appoint an attorney to assist me with this case. The magistrate's order, however addressed several motions in the same order, and although putatively denying the "other" motions without prejudice, the reality may be something different. Those "other" orders may have enduring procedural or preclusive effects simply through the passage of time. Furthermore, since certain issues, necessary to those decisions, may exceed a magistrate's jurisdiction's; then a failure to timely object arguably constitutes a waiver. Accordingly, on May 25, 2014, I filed a motion designed to preserve the status quo. (Doc.#95).

On May 30, 2014, this court issued an order striking that motion. (Doc.#96). Essentially, this court reasoned that since I had counsel, counsel had to file the motions. This court's order should reconsider and alter its May 30th order. Initially, as of May 25, 2014, the date my extension motion was filed, there was no attorney of record. "Appointed" counsel Jonathan Rose, Esq. had not entered a notice of appearance. Significantly, as of June 10, 2014, Mr. Rose still has not entered an appearance, thus there still is no



2

counsel of record.[1/] Thus, this court's decision to strike the motion, because of the purported hybrid representation, violated both due process of law and the 28 U.S.C. §1654.

Since this court does not recognize my presumptive incompetency, and legal incapacity, I am allowed to appear on my own behalf. 28 U.S. §1654 (2012). Therefore, in the absence of an attorney of record, both due process and the statute require this court to accept my nonfrivolous pleading.[2/]

Consequently, this court should alter its May 30, 2014 order and treat my motion to extend time as (its express alternative purpose) objections to the court's May 21, 2014 order.

If Mr. Rose enters an appearance and becomes my attorney of record, and survives the conflict check, then I will direct Mr. Rose, to take corrective action, unless of course Mr. Rose believes I am a blathering idiot, in which case presumably he will not listen to me. If Mr. Rose does not, then it is unreasonable for this court to prevent me from preserving my procedural and substantive rights.

---

1/. Even though Mr. Rose accepted my e-mail registration request, he has neither spoken or communicated with me. In the light of my unique position, Mr. Rose may very well have a conflict of interest with me. I am challenging or have already established that dozens (more likely hundreds) of CJA attorneys are constitutionally ineffective or otherwise negligent. I do not know if Mr. Rose or his associates are among that group (there are limits on my record-keeping resources here in prison) thus until I can speak with Mr. Rose, I do not know if there is a conflict. After the Harrison Slaughter fiasco, if I were not to inquire about conflicts at the beginning of a representation, then the old adage about "fooling me twice" would apply to me. And my bipolar condition affects my view of reality, it does not (generally) make me stupid.

2/. Interestingly, earlier this year, the Eleventh Circuit granted one of my quiasi-clients a certificate of appealability on whether due process requires a district court to allow pro se filings in a case where the §2255 movant has counsel. See **Harrison v. United States**, Appeals No. 12-15502-C (11th Cir. 2014).



This court should vacate its May 30, 2014 order and enter my objections to the Magistrate's May 21, 2014 order; and such other relief as appropriate or fair.

Respectfully submitted this 10th day of June 2014 by:

*[signature]*
Frank L. Amodeo, 48883-019
FCC - Low    Unit B-3
P.O. Box 1031
Coleman, Fl 33521-1031

## Certificate of Service

This motion was delivered in a pre-addressed, postage-prepaid envelope to prison authorities on the same day as signed. The United States of America is represented by counsel who is registered with the CM/ECF docketing system; thus the movant requests that notice of the filing and service of the motion be made to United States Attorney of record via the electronic system.

*[signature]*
Frank L. Amodeo

**Endnote 1:** In explaining, the possible conflict with Mr. Rose, I remembered (and contemplated) an event that occurred just prior to the plea. Innocuous at the time, but now that I am not drugged (drugs this court required me to take by the way) and that I am a subject-matter expert in criminal law, the events significance is stunning.

Between the time of the plea agreement and the Rule 11 hearing, Randy Gold (yes I was on a first name basis) told me that I would be very unhappy if I went to trial with a CJA appointed attorney. He said that they were not very good. Interestingly, after what I have seen over the last five years he might have been right. But more importantly it demonstrates now how this prosecution was handled.

For this proceeding, whether CJA attorney are generally incompetent is not the point, but the following implications are concerns:

4

1) What was Mr. Gold thinking given me legal advice outside the presence of my counsel;

2) without the mental fog caused by the antipsychotics (especially the Seroquel) I now realize the comment amounts to intentional government coercion; and

3) if the U.S. Attorneys Office believes the CJA attorneys are so inept, then we likely have a systemic structural error and a complete collapse of due process in millions of cases.

I do not think Randy was lying, I think he believed that appointed attorneys' legal skills are pathetic. But he should never have told me this, whether his honest belief, or pure coercion, he should not have done it, one more reason to vacate this judgment.

## Verification

Under penalty of perjury as authorized in 28 U.S.C. §1746, I declare that the factual allegations and factual statements contained in this document are true and correct to the best of my knowledge.

_/s/ Frank L. Amodeo_
Frank L. Amodeo