UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK LOUIS AMODEO                                     6:12-CV-00641-JA-DAB

v.

UNITED STATES OF AMERICA

PETITIONER'S MOTION TO EXPAND RECORD

COMES NOW the Petitioner, by and through undersigned counsel, pursuant to Rule 7(a) of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts, and hereby respectfully requests that this Honorable Court allow the Petitioner to expand the record in this cause of action, and in support thereof states as follows:

I. PROCUEDURAL POSTURE

1. On April 25, 2012, the Petitioner filed his motion to vacate sentence pursuant to Title 28, United States Code, section 2255 in United States District Court, Middle District of Florida Case Number 08:176-CR-ORL-28GJK.

2. Since then, the Petitioner has filed numerous motions to expand the record in this matter pursuant to Rule 7(a) of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts. The Defendant's first five *pro se* motions to expand the record were granted. DE 14, 59, 66.

3. Since, then, the Petitioner has filed four additional motions to expand pursuant to Rule 7. DE 80, 87, 90, 91. As of the date of filing of the instant Motion, none of these Motions have been ruled on.

4. The undersigned was appointed to represent Petitioner on May 21, 2014. DE 94.

5. The undersigned has reviewed DE 80, 87, 90, and 91. Numerous documents contained in these motions are highly relevant and probative to issues raised in Petitioner's motion to

vacate sentence.   Specifically, Petitioner alleges that he was "actually and legally incompetent to enter a guilty plea." DE 1, p. 6.  It must be noted that the Defendant entered, and the Court accepted, the Petitioner's plea of guilty on September 23, 2008.   His sentencing hearing began on May 12, 2009.

II.   RECORDS, DOCUMENTS, AND ORDERS WARRANTING EXPANSION

6.   As such, the following documents are attached and the Petitioner requests their entry into the record:

A.   Notice of Suggestion of Capacity and Appointment of  Physician, August 8, 2013

B.   Suggestion of Capacity Evaluation, November 7, 2013

C.   McLean Hospital Discharge Summary, August 21, 2008

   Pavilion Evaluation, August 7, 2008

   MRI Report, August 8, 2008

   Neuropsychological and Psychodiagnostic Evaluation, August 12, 2008

   MRI of Pituitary, August 18, 2008

   Substance Abuse Consultation, August 9, 2008

   Clinical Summary for Frank Amodeo, August 14, 2008

D.   McLean Progress Notes, August 11, 2008

E.   McLean Nutrition Consultation, August 12, 2008

F.   Northshore Laboratory Report, August 6, 2008

G.   Sleep Health Centers Evaluation, August 18, 2008

H.   Orange County Jail Medical Records, May 26, 2009-September 1, 2009

I.   Bipolar Timeline and Treatment Summary

III.   MEMORANDUM

7. Rule 7(a) of the Rules Governing Section 2255 Proceedings states that "If the motion [for § 2255 relief] is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion."  The types of materials that the judge may require "include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be considered as part of the record." R. Governing § 2255 Proceedings 7(b). The rule "is akin to an evidentiary rule rather than a rule allowing a petitioner to amend [his] Motion." *Thrasher v. United States,* 721 F.Supp.2d  480, 484 n. 10 (E.D. Va. 2010).

8. Rule 7 is not a vehicle through which a litigant may add additional arguments to the 2255 Petition.  Rather, it is designed to provide a convenient method for supplementing the trial court's file if the case warrants it."  R. 7 Governing § 2255 Proceedings, advisory committee's note.

9. Here, the expansion and inclusion of the aforementioned documents is necessary, as the attached orders, medical records, and the Petitioner's own chronology of his illness support his assertion that he was incompetent to enter a plea of guilty on September 23, 2008.  They are further illustrative of the power of his illness, as the Petitioner is still a ward of the State of Florida.

10. As such, the Defendant respectfully requests that this Honorable Court allow the expansion of the record to include the attached documents, and accordingly, deny as moot DE 80, 87, 90, and 91.

11. The undersigned has conferred with Assistant United States Attorney Roger Handberg regarding the instant Motion.  Mr. Handberg's position is as follows:  "The United States has no objection to the petitioner's motion to expand the record for the purpose of

determining whether the petitioner is presently incompetent.  The United States does object to any effort to use those materials for the purpose of establishing that the petitioner was incompetent at the time of his guilty plea.  The United States relies on the responses that it has previously filed as to why the petitioner is not entitled to any relief based on that claim."

Dated this 16th day of October in Orlando, Florida.

> s/ Jonathan Rose, Esq.
> JONATHAN ROSE, ESQ.
> Florida Bar No. 0188832
> JONATHAN ROSE, P.A.
> 337 North Ferncreek Avenue
> Orlando, FL  32803
> Telephone:  407-894-4555
> Facsimile:  407-893-8151
> Email:  jrose@jonathanrosepa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was served via CM/ECF delivery on October 16, 2014 to:

> Roger Handberg, Esq.
> Assistant United States Attorney
> 400 West Washington Street
> Suite 3100
> Orlando, Florida  32801
>
> s/ Jonathan Rose, Esq.
> JONATHAN ROSE