UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK LOUIS AMODEO,

    Petitioner,

v.                                          CASE NO. 6:12-cv-641-Orl-28DAB
                                                      (6:08-cr-176-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.

---

**ORDER**

This case is before the Court on the following:

1.    Petitioner's Second Motion to Appoint Guardian Ad Litem and Reply to Response (Doc. No. 103). Counsel for Petitioner requests the appointment of a guardian ad litem in this action. *Id.* at 1-5. In support of this motion, counsel asserts that Petitioner has a lengthy and significant history of mental illness. *Id.* at 5. Counsel also states that Petitioner has been found by the State of Florida to lack the capacity to manage his own affairs in "any significant manner, including managing his own property and assets, or making decisions about the initiation, defense, or settlement of lawsuits." *Id.*

Rule 17(c)(2) of the Federal Rules of Civil Procedure provides that a federal court "must appoint a guardian ad litem—or issue other appropriate order—to protect a minor or incompetent person who is *unrepresented* in an action. (emphasis added). Appointment of a guardian ad litem is not "'mandatory. If the court feels that the [person's] interests are otherwise adequately represented and protected, a guardian ad

litem need not be appointed.'" *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 470 (11th Cir. 2010) (quoting *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 19858) (*per curiam*)); *Doe v. Carnival Corp.*, 37 F. Supp. 2d 1254, 1258 (S.D. Fla. 2012).

In this case, Petitioner is otherwise represented in this action, therefore, appointment of a guardian ad litem is not necessary at this time. Accordingly, it is **ORDERED** that Petitioner's motion is **DENIED**.

2. The Government's request for a mental health evaluation of Petitioner pursuant to Rule 35 of the Federal Rules of Civil Procedure (Doc. No. 88). *See* Fed. R. Civ. P. 35(a) (providing that a court may require a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner). However, Petitioner's mental health is not in controversy; he was been declared incapacitated by the State of Florida in 2008. *See* Fed. R. Civ. P. 17(b) (stating mental capacity to sue or be sued is determined by the law of the individual's domicile). There is no indication that the State of Florida has found Petitioner's capacity restored. Accordingly, it is **ORDERED** the Government's request is **DENIED** without prejudice.

3. Petitioner's Motion to Expand the Record (Doc. No. 105). Petitioner wishes to expand the record with documents which are relevant to his claim that he was actually and legally incompetent to enter a guilty plea. *Id.* at 2. Accordingly, it is **ORDERED** that Petitioner's motion is **GRANTED**. The Clerk of Court shall docket the exhibits attached at docket entry 105 as exhibits in support of Petitioner's reply (Doc. No. 55).

**DONE AND ORDERED** at Orlando, Florida, this 8th day of April, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies to:
OrlP-3 4/8
Counsel of Record